A. MILTENBERGER & Co. *v.* A. HETCH—ALDRECH & PERRET, Intervenors.

The vendor of the agricultural products of the United States, in the city of New Orleans, has, under the Act of the Legislature approved March 15th, 1855, a privilege upon such products sold, superior to all others, if exercised within five days after their delivery.

He may waive this privilege, by stating in his order for the delivery of such produce, that it is to be delivered without vendor's privilege.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.

G. *Legardeur*, for plaintiffs.   *St. Paul & Bouny*, for intervenors and appellants.

LAND, J.   On the 4th day of April, 1856, the plaintiffs sold and delivered to the defendant *Hetch*, thirty-eight hogsheads of sugar, for $3169 12, payable in cash.   On the eighth day of the same month of April, they caused the thirty-eight hogsheads of sugar to be sequestered, on the grounds, that they verily believed that the defendant would conceal, part with, or dispose of the sugar, and thus deprive them of their vendor's privilege upon the same.

On the 18th of April, 1856, *Aldrech & Perret*, a commercial house of the city of New Orleans, intervened, and set up a privileged claim for the sum of $1580 73, on the sugar, for advances made to the defendant, for commissions, storage, &c., and alleged their right to be paid by preference over the price due to the plaintiffs.

The defendant was represented by a curator *ad hoc*, who filed a general denial.

It is not even pretended that the price of the sugar was paid by the defendant. The contest is, therefore, really between the plaintiffs and intervenors, and the only question before the court is, which of these two parties has the first or superior privilege, and is thereby entitled to be paid by preference to the other.

This question finds its easy solution in the Act of the Legislature approved March the 15th, 1855, and entitled "an Act relative to privileges," which provides "that any person who may sell the agricultural products of the United States in the city of New Orleans, shall be entitled to a special lien and privilege thereon, to secure the payment of the purchase money, for and during the space of five days only, after the day of delivery ; within which time the vendor shall be entitled to seize the same, in whatsoever hands or place it may be found, and his claim for the purchase money shall have preference over all others.   If the vendor gives a written order for the delivery of any such produce, and shall say therein that it is to be delivered without vendor's privilege, then no lien shall attach thereto."   See Acts 1855, p. 363.

The plaintiffs caused the sugar to be seized within five days after its delivery, and there is no evidence in the record showing that they waived or renounced their privilege, on its delivery to the defendant, or afterwards.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.